46 F.3d 1124
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin Leon GRIMM, Jr., Plaintiff-Appellant,
v.
Harry L. CARRICO, Chief Justice, in his individual and
official capacity; Richard Harding Poff, Senior Justice, in
his individual and official capacity; Asbury Christian
Compton, in his individual and official capacity; Roscoe
Bolan Stephenson, Jr., in his individual and official
capacity; Charles Steven Russell, in his individual and
official capacity; Henry H. Whiting, in his individual and
official capacity; Elizabeth B. Lacy, in her individual and
official capacity; Leroy Roundtree Hassell, in his
individual and official capacity; Robert Q. Harris, in his
individual and official capacity, Defendants-Appellees.
 No. 94-6669.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided Jan. 25, 1995.
 
 Marvin Leon Grimm, Jr., Appellant Pro Se.
 Before WILKINS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marvin Leon Grimm appeals the district court's order's dismissing his 42 U.S.C. Sec. 1983 (1988) action and denying his Fed.R.Civ.P. 59(e) motion. We affirm.
 
 
 2
 Grimm, who is serving a life sentence for abduction with intent to defile, forcible sodomy, and first degree murder, complained about a 1990 decision by the Supreme Court of Virginia. In that decision, the state court refused to consider the merits of a state habeas corpus claim because of Grimm's procedural default. In this Sec. 1983 action, Grimm demanded:
 
 
 3
 Declaratory and Injunctive Relief enjoining Defendants from denying Plaintiff a meaningful access to the Courts by their errant ruling that allows [the Commonwealth] to present [Grimm's procedural default] as a defense in Plaintiff's habeas actions and that the order is a void judgment.
 
 
 4
 Essentially, Grimm asked the district court to direct the Supreme Court of Virginia to ignore its procedural default rules and to consider his claims on the merits.
 
 
 5
 Federal district courts do not have the power to review determinations made in state judicial proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). In Feldman, the Supreme Court stated that "[i]f the constitutional claims ... are inextricably intertwined" with the merits of a state court judgment, "then the district court is in essence being called upon to review the state-court decision. This the district court may not do." Id. at 483-84 n. 16. Such review is only available in the United States Supreme Court. Id.
 
 
 6
 In the subject case, Grimm claimed that the Supreme Court of Virginia, by applying a state procedural bar, denied him his constitutional right of access to the courts. His constitutional claim and the state court judgment are, therefore, "inextricably intertwined," id., and the district court was without jurisdiction to consider the matter.
 
 
 7
 We accordingly affirm the district court's dismissal of Grimm's lawsuit. As our review of the materials before the Court reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 8
 AFFIRMED.